UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWEST DIVISION

| | |
|---|---|
| MILTON O. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) CV 03-B-0281-NW |
| HOOVER, INC., | ) |
| Defendant. | ) |

**ENTERED**
SEP 13 2004

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Summary Judgment. (Doc.18.) Plaintiff Milton O. Johnson has sued defendant Hoover, Inc., alleging that defendant discriminated against him on the basis of his race in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) by refusing to hire him at its quarry in Cherokee, Alabama. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 18), is due to be granted.

### I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see*

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every reasonable inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. STATEMENT OF FACTS[1]

Plaintiff, Milton O. Johnson, is a black male. (Doc. 1 ¶ 4.) He contends that, for approximately twenty years, defendant, Hoover, Inc., has refused to hire him because of his

---

[1] The facts set forth herein are based on the evidence submitted by the parties, viewed in the light most favorable to plaintiff as the non-moving party. Therefore, all disputed facts have been resolved in favor of plaintiff, and all reasonable inferences have been drawn in his favor.

race. (*Id.*) He testified that he sought employment with defendant two times in 2002 – once in May and once in August. (*See* doc. 18, Ex. A at 104-05, 109.)

On or before May 13, 2002, plaintiff went to defendant's office in Cherokee, Alabama. (*Id.* at 104, doc. 22, Ex. B at 54-55.) The secretary in the office told plaintiff that defendant was not hiring at that time. (Doc. 18, Ex. A at 106-07.) When he asked her if defendant would be hiring in the near future, the secretary told plaintiff, "He's waiting on his Mexicans to get back." (*Id.* at 107.) Shortly thereafter, defendant hired D.L. McVay, a white male. (Doc. 18, Ex. A at 144-46, Ex. C ¶ 4.)

Sometime in August 2002, plaintiff went back to defendant's Cherokee quarry and talked with a project manager on the road outside the quarry. (Doc. 18, Ex. A at 109-110; 211-12.) The project manager told him that defendant was not hiring at that time. (*Id.* at 110.) The undisputed evidence indicates defendant was not hiring at the Cherokee quarry in August 2002, and it did not hire anyone at the Cherokee quarry in August 2002. (Doc. 18, Ex. C ¶ 5.)

Plaintiff filed a charge of discrimination with the EEOC on November 25, 2002. (Doc. 18, Ex. A, ex. 6.) He was issued a right-to-sue letter on December 11, 2002.[2] (Doc. 22, Ex. K.)

### III. DISCUSSION

#### A. STATUTE OF LIMITATIONS

Defendant contends that plaintiff's claim based on its failure to hire him prior to May 29, 2002, 180 days before he filed his EEOC charge, are due to be dismissed as such claims are barred by the statute of limitations. Plaintiff contends that such claims are actionable as they are part of a continuing violation.

Plaintiff claims are brought pursuant to Title VII. "Title VII requires plaintiffs to file charges with the Equal Employment Opportunity Commission ('EEOC') either 180 or 300 days 'after the alleged unlawful employment practice occurred.'" *Shields v. Fort James Corp.*, 305 F.3d 1280, 1281 (11th Cir. 2002)(quoting 42 U.S.C. § 2000e-5(e)(1)). "[D]iscrete discriminatory acts such as . . . refusal to hire are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 114 (2002))(internal quotations

---

[2]The record indicates that the EEOC dismissed plaintiff's charge because he had requested a right-to-sue letter before the EEOC had sufficient time to investigate his charge and because he had failed to cooperate with the EEOC's investigation. (Doc. 22, Ex. K.) Plaintiff disputes the EEOC's determination. However, because the court finds that plaintiff's claims are due to be dismissed on other grounds, the court will pretermit discussion of whether plaintiff's claims are barred by the EEOC's determination that he failed to cooperate with its investigation.

4

omitted). Therefore, plaintiff's claims based on defendant's discrete decisions not to hire him at any time prior to 180 days before he filed his EEOC charge, or May 29, 2002, are time barred and due to be dismissed.

## B. FAILURE TO HIRE – AUGUST 2002

Plaintiff alleges he sought employment only one time after May 29, 2002. He contends that he went to defendant's Cherokee quarry in August 2002 with the intent to apply for a job. However, he never actually applied for a position at this time because he was told by defendant's project manager that defendant was not hiring. Defendant contends that this claim is due to be dismissed because plaintiff cannot show that defendant had any available position or was seeking applications at this time. Plaintiff does not directly address this issue.[3]

A plaintiff may establish a *prima facie* case of discrimination based on defendant's refusal to hire by showing: "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job *for which the employer was seeking applicants*; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)(emphasis added); *see also Schoenfeld v. Babbitt*, 168 F.3d 1257, 1267 (1999)(citing *Welborn v. Reynolds Metals Co.*,

---

[3]Plaintiff contends that the *prima facie case* requires him to demonstrate only that he is a member of a protected class, that he was qualified for the position, and "that he was discharged or treated less favorably than those not in the protected class." (Pl. Brief. at 13-14.)

810 F.2d 1026, 1028 (11th Cir. 1987)). The undisputed evidence is that defendant was not accepting applications for a vacant position at the Cherokee quarry in August 2002. A suit against an employer for wrongful rejection is "inappropriate" if the employer did not have a job for which it was seeking applicants. *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1239 n.19 (11th Cir. 2000), *cert. denied* 532 U.S. 919 (2001).

Because plaintiff has failed to present evidence that defendant had a vacant position in August 2002, the time he claims defendant refused to hire him, he cannot establish a *prima facie* case of discriminatory failure to hire, and defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute, and that defendant is entitled to judgment as a matter of law. An order granting defendant's Motion for Summary Judgment, (doc. 18), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this _13th_ day of September, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge